UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DENA LYNN HOFFMAN,

      Plaintiff,

v.                                                                              Case No. 1:20-cv-138

                                              Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,

_____/

### OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which entered a partially favorable decision on her application for disability insurance benefits (DIB).

Plaintiff filed an application for DIB on July 6, 2016, alleging a disability onset date of July 5, 2015.  PageID.211. Plaintiff identified her disabling conditions as left paracentral disc extrusion (L3-L4) and central protrusion (L2-L3).  PageID.541.  Prior to applying for DIB, plaintiff completed three years of college and had past employment as a licensed practical nurse (LPN).  PageID.222, 542.  An ALJ reviewed plaintiff's application de novo and entered a partially favorable decision on November 27, 2018.  PageID.211-224.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I.    LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole.  *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations or weigh the evidence.  *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . .  physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.     ALJ's DECISION

Plaintiff's application for DIB failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 5, 2015, and met the insured status requirements of the Social Security Act through March 31, 2021.  PageID.213.  At the second step, the ALJ found that plaintiff had severe

3

impairments of: degenerative disc disease of the lumbar spine; post L3-L4 laminectomy (11/10/2015); post spinal cord stimulator (8/30/2016) with later removal (5/29/2018); post laminectomy syndrome; obesity; attention deficit hyperactivity disorder (ADHD); and, generalized anxiety disorder with panic.  PageID.214.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that since July 5, 2015, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except lifting and carrying up to 10 pounds occasionally.  She can sit up to 6 hours total in an 8-hour workday. She can stand and/or walk 4 hours total in an 8-hour workday.  The claimant needs the option to alternate between sitting and standing as needed throughout the workday.  She is limited to no overhead reaching bilaterally, occasional climbing ramps and stairs, balancing, stooping and crouching but no kneeling, crawling or climbing ladders, ropes or scaffolds.  The claimant can have only occasional exposure to extreme cold and vibration.  She is limited to simple routine work that involves simple work related decisions and tolerating occasional workplace changes.

PageID.216.  The ALJ also found that plaintiff is unable to perform any past relevant work.  PageID.222.

The ALJ made a partially favorable decision at the fifth step, based upon the Medical-Vocational Guidelines or "grids."  PageID.222-224.  An ALJ may use the grids, rather than expert testimony, to show that a significant number of jobs exist in the economy when the claimant's characteristics fit the criteria of the guidelines.  *Siterlet v. Secretary of Health and Human Services*, 823 F.2d 918, 922 (6th Cir.1987). *See Bohr v. Bowen*, 849 F.2d 219, 221 (6th Cir.1988) ("the grids are a shortcut that eliminate the need for calling in vocational experts").  The grids "take account only of a claimant's 'exertional' impairment, that is 'an impairment which manifests itself by limitations in meeting the strength requirements of jobs[.]' 20 C.F.R., Part 404,

Subpt. P, App. 2 § 200.00(e)." *Abbott*, 905 F.2d at 926.  An ALJ may use the grids, rather than expert testimony, to show that a significant number of jobs exist in the economy when the claimant's characteristics fit the criteria of the guidelines.  *Siterlet v. Secretary of Health and Human Services*, 823 F.2d 918, 922 (6th Cir. 1987).  Here, the ALJ found that as of July 4, 2018, plaintiff was disabled under Medical-Vocational Rule 201.14.   On that date, plaintiff's age category changed from a younger individual to an individual closely approaching advanced age. PageID.224.

However, prior to July 4, 2018, the ALJ found that plaintiff could perform a range of sedentary, unskilled occupations in the national economy.  Specifically, the ALJ found that plaintiff could perform the requirements of order clerk (55,000 jobs nationally), charge account clerk (50,000 jobs nationally), and table worker (45,000 jobs nationally).  PageID.223.

Accordingly, the ALJ determined (1) that plaintiff was not under a disability, as defined in the Social Security Act, from July 5, 2015 (the alleged onset date) through July 3, 2018, and (2) that plaintiff became disabled beginning July 4, 2018.  PageID.223-224.

### III.    DISCUSSION

Plaintiff does not object to the ALJ's finding that she became disabled beginning July 4, 2018.   Plaintiff has raised two errors on appeal with respect to the ALJ's finding that she was not under a disability from July 5, 2015, through July 3, 2018.

### A. The ALJ committed reversible error by not properly considering the opinion of plaintiff's treating physicians.

Because plaintiff filed her claim before March 27, 2017, the "treating physician rule" applies to the ALJ's decision.  *See* 20 C.F.R. § 404.1527.  Here, plaintiff contends that the ALJ did not properly consider the opinions of two treating physicians, Dr. Edgar and Dr. Goltz. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating

plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ addressed Dr. Edgar's opinion as follows:

> [T]the undersigned gives little weight to the letters from treating source Rick Edgar, M.D. (Exhibit 29F/1).  On June 12, 2018, Dr. Edgar opined that the claimant is very limited secondary to pain in her ability to sit, stand, or do other physical activity for any extensive period of time.  He further opined that the claimant is limited in her ability to return to work.  Dr. Edgar also issued the claimant a work excuse note, opining that she may not return to work until June 30, 2016 (Exhibit 10F/264). Although Dr. Edgar has been treating the claimant since October 2015, his letter is vague. He does not provide a detailed assessment of the claimant's abilities. Rather, he only provides a conclusory statement that the claimant "is limited," without detailing how limited. As the letters do not provide much insight, the undersigned gives them little weight.

PageID.219-220.

Next, the ALJ addressed Dr. Goltz's opinions as follows:

> The claimant's primary care physician, Gretchen C. Goltz, D.O., issued several work excuse notes throughout the relevant period (Exhibit 10F/24, 40, 42, 49, 72, 104, 124). Dr. Goltz ultimately noted that the claimant is unable to return to work (Exhibits l0F/49).  The undersigned gives little weight to these notes.  Dr.

Goltz does not offer a detailed analysis of the claimant's abilities. Rather she only offers conclusory statements. Finally, most of these are short-term in nature and opine on issues reserved to the Commissioner (20 CFR 404.1527(d)). Therefore, the undersigned gives little weight to these notes. . . .

In a physician's statement dated November 16, 2015, the claimant's primary care provider Gretchen C. Goltz, D.O., opined in relation to her application for short and long-term disability benefits (Exhibit 10F/185-187). Dr. Goltz essentially opined that the claimant is limited to a reduced range of sedentary work. She also opined that the claimant's limitations will last for 8 to 12 weeks. Dr. Goltz further opined on June 22, 2018, that the claimant would miss more than five days of work per month due to pain, would have to take unscheduled breaks, would have to lay down and rest after sitting for 45 minutes, and needs the option to alternate between sitting and standing (Exhibit 28F/3).

The undersigned gives partial weight to Dr. Goltz's opinion. She has been treating the claimant consistently since the July 2015 (Exhibit 10F/185). Moreover, her opinion is consistent with the claimant's lower back treatment history, which includes a laminectomy. However, Dr. Goltz does not provide explanations for her opinion. Moreover, she is the claimant's primary care provider. The claimant treated her back condition with a neurosurgeon and pain specialists. In addition, at an appointment with Dr. Edgar on June 13, 2018, the claimant ambulated independently and exhibited normal muscle tone and bulk (Exhibit 30F/6). Therefore, the undersigned gives only partial weight to Dr. Goltz's opinion.

PageID.220-221.[1]

The ALJ gave good reasons for the weight assigned to the doctors' opinions. With respect to Dr. Edgar, his letters did not provide a detailed assessment of plaintiff's abilities. The doctor's June 12, 2018 letter stated that plaintiff "is very limited secondary to pain in her ability to sit, stand or do other physical activity for any extensive period of time," PageID.1906, while his "Return to Work" letter simply stated that plaintiff was seen on 3/30/16, and "[m]ay not return to work: ___ continue off thru 6/29/16 ___," PageID.1113. The ALJ could properly give these letters little weight. In this regard, it appears to the Court that the doctor's letters are not medical opinions for purposes of a disability claim. *See* 20 C.F.R. § 404.1572(a)(1) (defining "medical opinions"

---

[1] It appears to the Court that the date of Dr. Goltz's opinion was November 6, 2015, not November 16, 2015. PageID.1035.

as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

With respect to Dr. Goltz, the ALJ gave good reasons for assigning her notes little weight and her opinion partial weight.  As discussed, Dr. Goltz's notes were for short durations and lacked a detailed analysis.  Similarly, Dr. Goltz's November 2016 opinion, an attending physician's statement completed as part of a commercial long-term disability insurance claim packet, did not provide detailed explanations and stated that the limitations would apply for only 8 to 12 weeks.  PageID.1035.  Accordingly, plaintiff's claims of error are denied.

### B.  The ALJ did not have substantial evidence to support his finding regarding plaintiff's credibility.

In the final paragraph of her brief, plaintiff contends that the ALJ improperly found that she was "less than completely credible without any basis."  Plaintiff's Brief (ECF No. 15, PageID.2020).  Plaintiff contends that "the ALJ essentially found that because this Plaintiff was performing highly limited daily living activities and did not need a cane or other assistive device, that she was not fully credible."  *Id.* at PageID.2021.

It is well established that evaluation of a claimant's subjective complaints remains peculiarly within the province of the ALJ.  *See Gooch v. Secretary of Health & Human Services*, 833 F.2d 589, 592 (6th Cir. 1987).  As an initial matter, while plaintiff contends that the ALJ erred by not finding her "fully credible," the Commissioner no longer addresses a claimant's "credibility" in determining disability.  *See* Social Security Ruling (SSR) 16-3p ("we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term").  As this Court explained,

The new policy ruling did not and could not change the underlying regulations. The longstanding two-part analysis for evaluating symptoms applies. 20 C.F.R. § 404.1529(a). "An ALJ must first determine 'whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.' If such an impairment exists, the ALJ 'must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.'" *Morrison v. Commissioner*, 2017 WL 4278378, at *4 (quoting *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007)). Relevant factors to be considered in evaluating symptoms are listed in 20 C.F.R. § 404.1529(c)(3). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases); *see also Carsten v. Commissioner*, No. 15-14379, 2017 WL 957455, at *4 (E.D. Mich. Feb. 23, 2017).

*Palmer v. Commissioner of Social Security*, No. 1:17-cv-577, 2018 WL 4346819 at *6 (Aug. 9, 2018), R&R adopted 2018 WL 4334623 (W.D. Mich. Sept. 11, 2018).

Here, the ALJ addressed plaintiff's statements regarding her symptoms as follows:

The claimant's statements about the intensity, persistence, and limiting effects of her symptoms are somewhat consistent with the record. To treat her back condition, the claimant underwent multiple treatment options but ultimately required surgery. In addition, throughout the relevant period, the claimant at times exhibited decreased range of motion of her lumbar spine, and decreased sensation in her right leg. However, the claimant also mostly demonstrated normal gait and station, strength, and range of motion in her extremities (Exhibits 4F/17, 7F/4, 8F/21, l0F/116, 351, 12F/9, 16F/304, 18F/3, 30F/10, 1). Despite her pain, the claimant was not prescribed assistive devices such as a cane, walker, or wheelchair for long-term everyday use. In addition, the claimant related that she spends a significant portion of her day laying down as it is the most comfortable position for her. Nevertheless, the claimant's medical providers do not report she had muscle weakness or atrophy upon examination (Exhibits 8F/21, 18F/3). In terms of daily living, the claimant reported that her conditions do not affect her ability to perform personal care tasks (Exhibit 5E/5). In addition, her husband reported that the claimant cooks sometimes, performs light household chores, gardens, and does some driving (Exhibit 3E/7, 8). Accordingly, the undersigned accommodated the claimant's degenerative disc disease of her lumbar spine and obesity by limiting her to a reduced range of sedentary work, needing the option to alternate between sitting and standing, no overhead reaching, occasionally performing most postural maneuvers but no kneeling, crawling, or climbing ladders, ropes, or scaffolds. In addition, these conditions limit her to no more than occasional exposure to extreme cold and vibration.

PageID.221-222.

The ALJ properly considered plaintiff's daily activities as one factor in determining the residual functional capacity (RFC).  *See* 20 C.F.R. § 404.1529(c)(3)(i) ("Factors relevant to your symptoms such as pain, which we consider include: (i) Your daily activities").  *See, e.g., Shepard v. Commissioner of Social Security*, 705 Fed. Appx. 435, 441-42 (6th Cir. 2017) ("It was entirely appropriate for the ALJ to consider whether [the claimant's] asserted limitations were consistent with her ability to drive, prepare simple meals, shop, and go to eat or the movies.").  Furthermore, the ALJ did not evaluate plaintiff's subjective complaints solely on the basis of her daily activities.  Accordingly, plaintiff's claim of error is denied.

## IV.    CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.  A judgment consistent with this opinion will be issued forthwith.  A judgment consistent with this opinion will be issued forthwith.

Dated:  September 13, 2021                    /s/ Ray Kent
                                              RAY KENT
                                              United States Magistrate Judge